UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rolando Verdines Yepez, ) | C/A No.  6:16-3859-BHH-KFM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  The petitioner is a federal prisoner at FCI-Victorville Medium II, in Adelanto, California, seeking to modify his sentence imposed in this district by the Honorable Cameron McGowan Currie, Senior United States District Judge.  For the reasons set forth below, the undersigned respectfully recommends that the petition be re-characterized as requesting relief pursuant to 28 U.S.C. § 2255, and reassigned to Judge Currie.

**BACKGROUND**

The petitioner alleges that he was sentenced in the United States District Court for the District of South Carolina (doc. 1 at 1).  There is no record that the petitioner has previously filed a § 2255 petition here.  *See United States v. Yepez,* 3:09-cr-00612-CMC.

In the instant petition, the petitioner alleges that the District Court erred in making a finding of the drug quantity and in violating the petitioner's Sixth Amendment rights (doc. 1 at 6).  He also argues that his sentence was improperly enhanced (*id*. at 7).

The petitioner filed this case in the Central District of California as a § 2241 (doc. 1). *See Yepez v. Entzel*, 5:16-cv-02514-JGB-SK (C.D. Cal. 2016). On December 8, 2016, United States Magistrate Judge Steve Kim determined that the petition challenged the legality of the sentence imposed in the District of South Carolina and that the petitioner had made no showing that a remedy under § 2255 would be inadequate or ineffective (doc. 3). He then ordered that the petition be transferred to the District of South Carolina without construing it as a § 2255 (*id.*). A motion to proceed *in forma pauperis* was included in the filings transferred from the Central District of California; it does not appear that the Central District of California ruled on this motion (*see* doc. 1 at 10–11). The undersigned sent the petitioner a proper form order, directing the petitioner to submit a new motion to proceed *in forma pauperis* or pay the filing fee (doc. 8). To date, the petitioner has not responded to this motion.

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less

stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal or transfer. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

As an initial matter, this court does not have jurisdiction over the petition here pursuant to § 2241. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-cv-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted). A petition under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Because the petitioner is incarcerated in California, this court lacks jurisdiction over his custodian.

However, a core issue is whether the petitioner's claims are cognizable under § 2241. The petitioner alleges that he is attacking the validity of his federal sentence; this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010); *see also* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Section 2255

does contain a savings clause which permits a district court other than the sentencing court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Rice*, 617 F.3d at 807; 28 U.S.C. § 2255(e). The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted); *see also Rice*, 617 F.3d at 807 (explaining that § 2255 is not inadequate or ineffective when "'an individual is procedurally barred from filing a § 2255 motion'") (citation omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario, the Fourth Circuit Court of Appeals has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34.

In this case, there is no plausible allegation that the savings clause permits the petitioner to bring his claims within the § 2241 petition. The petitioner does not allege that subsequent to his direct appeal and first § 2255 motion the substantive law changed such that the conduct of which the petitioner was convicted is now deemed not to be criminal. In fact, it appears that the petitioner has not filed a § 2255 action with the

4

sentencing court to permit review his claims for relief. Accordingly, the *In re Jones* savings clause test is not satisfied. *See Hackett v. Atkinson*, C/A No. 9:13-1274-JFA-BM, 2013 WL 3972393, at *3 (D.S.C. July 31, 2013) ("[C]ourts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the 'savings clause,' which would allow a § 2241 petition to be filed at a later date," and transferring the case to the United States District Court for the Easter District of Virginia); *Chavez-Tovar v. Atkinson*, C/A No. 1:12-1310-DCN-SVH, 2012 WL 3028024, at *2–3 (D.S.C. June 28, 2012) (holding that the possibility that a § 2255 motion filed in the sentencing court may be rejected on the merits or ruled to be untimely or successive does not render the § 2255 remedy inadequate or ineffective), *adopted*, 2012 WL 3877674 (D.S.C. Sept. 6, 2012).

Rather than dismiss this § 2241 action without prejudice, it should be re-characterized as a § 2255 petition and reassigned to the sentencing judge. *See Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011) (finding that instead of dismissing the § 2241 petition, the interest of justice required the district court to transfer it to the sentencing court because if petitioner were to file a new § 2255 motion in that district the claims likely would have been time-barred); *see also Blackledge v. Allison,* 431 U.S. 63, 74 n. 4 (1977) (noting that a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner"). Here, it is in the interest of justice to re-characterize this habeas petition for several reasons: the AEDPA one-year statue of limitations may be an issue; the petitioner has not yet filed a § 2255 petition in the United States District Court for the District of South Carolina; and the relief sought by the petitioner is within the scope of § 2255. *Id.*

5

If this action is re-characterized as a § 2255 action, the petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[1] Accordingly, the petitioner may withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has. *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Castro*, 540 U.S. 375 (2003). **As explained on the last page of this report and recommendation, the petitioner is given fourteen (14) days to file objections to this report and recommendation, and the petitioner must also withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has, if he chooses to do so, within the same 14-day deadline.**

## RECOMMENDATION

Accordingly, it is recommended that, after the petitioner has had the opportunity to respond, the above-captioned case be re-characterized as a habeas petition pursuant to 28 U.S.C. § 2255 and reassigned to the sentencing judge. *The petitioner's attention is directed to the important notice on the next page.*

February 1, 2017                                  s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

---

[1] Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).